UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES ED. RIVERS, | ) | CASE NO. 1:06 CV 1162 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MRS. STARKY, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 10, 2006, plaintiff pro se filed this action under 42 U.S.C. § 1983 against Grafton Correctional Institution ("GCI") Registered Nurse Mrs. Starky, GCI Registered Nurse John Doe, GCI Corrections Officer Mr. Sperling, and "all presently unknown actors or agents working for the Ohio Department of Rehabilitation and Correction at the Grafton Correctional Institute found to be directly or indirectly involved in the violations expounded upon in the entirety of this complaint through discovery, individually and officially." (Compl. at 1.) In the complaint, plaintiff alleges the defendants confiscated his second pillow and retaliated against him for filing grievances in the past. He seeks monetary and injunctive relief.

Mr. Rivers filed a Motion on July 19, 2006, seeking leave to file an Amended Complaint. The court granted the Order on August 1, 2006 stating that Mr. Rivers had thirty days from the date of that Order to file an Amended pleading. He has failed to file an Amended Complaint and has not requested an extension of time in which to do so. For the reasons set forth below, this action

is dismissed without prejudice pursuant to 42 U.S.C. § 1997e.

## *Background*

Mr. Rivers contends he returned to his cell from the prison yard on April 30, 2006, and noticed that the second pillow issued to him by the Medical department was missing. He claims he questioned Mr. Sperling who immediately confessed that he had taken the pillow. Mr. Rivers informed him that he had permission from the medical department to have the extra pillow because he suffers from neuropathy, emphysema, and abdominal hernias caused by a gunshot wound. Mr. Rivers produced his medical documentation, but Mr. Sperling stated he suspected it was forged. The corrections officer then called the medical department and spoke to Nurse Starky. Ms. Starky denied that Mr. Rivers had permission from the medical department for an extra pillow, and asked the officer to confiscate the document. Mr. Rivers was then given a conduct report and charged with forging a document.

For the next three days, Mr. Rivers attempted to secure favorable witnesses and prepare for his rules infraction board hearing. He spoke to Mr. Sperling who allegedly admitted that the conduct report was baseless, but added, "the truth doesn't matter here...and if an inmate writes me or other guards up, we have friends that work here, you know what I mean? Cell searches, trouble, you know what I mean." (Compl. at 5.) He states another corrections officer confirmed that "this was...a game they play here and that plaintiff was going to the hole." (Compl. at 5.) He sought assistance from his unit manager who drafted the medical authorization form and the sergeant who was present at the time. Both individuals claim that they vaguely recalled the medical form but declined to appear as a favorable witness for Mr. Rivers.

Mr. Rivers was convicted of the conduct charge. He states that his security level was raised, and he was placed in the segregation unit for an unspecified period of time. He contends his

chances of being transferred to another institution have been diminished because his credibility has been destroyed. He asserts that the defendants have violated his First, Eighth and Fourteenth Amendment rights.

## *Exhaustion of Administrative Remedies*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). Moreover, the prisoner must specifically grieve allegations of retaliation or conspiracy against the defendants he names in his complaint. Garrison v. Walters, No. 00-1662, 2001 WL 1006271 (6th Cir. Aug. 24, 2001); Curry, 249 F.3d at 504-05. In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-

31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden and Institutional Inspector must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

Plaintiff has not demonstrated that he has exhausted his administrative remedies for each claim against each defendant. He has not attached copies of relevant grievances nor has he included specific allegations of exhaustion in his pleading. He states only that "in the forthcoming amended complaint, plaintiff shall attach informal complaints, grievances, and appeals to the chief inspector that shall satisfy the court that all issues in both the original and amended complaints have been raised in the past and denied by all parties concerned." (Compl. at 3.) Mr. Rivers, however, has not filed an amended complaint. Even if he had filed the document, it is certain that he would have pursued the grievances after filing this action. The incident took place on April 30, 2006. He attempted to resolve the problem from May 1, 2006 through May 3, 2006 by speaking with the corrections officers who originally issued his medical pass. When that was not successful, he filed this complaint which was dated May 7, 2006. Even if he received answers to each of his grievance forms on the day he submitted it to the proper authority, he could not complete the administrative grievance process all the way through the Decision of the Ohio Department of Rehabilitation and Correction Chief Inspector in four days. Section 1997(e) requires prisoners to exhaust their administrative remedies against each defendant named in the action *prior* to filing suit. They may

not exhaust these remedies during the pendency of the action. See Freeman v. Francis, 196 F.3d 641,643 (6th Cir. 1999). Moreover, they cannot abandon the process before completion and claim that they exhausted their remedies nor can they assume that a grievance would be futile and proceed directly to federal court with their complaints, as it appears that Mr. Rivers has done. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). Because Mr. Rivers must file relevant grievances with respect to every incident about which he complains, he cannot rely on similar grievances he filed in the past to satisfy the exhaustion requirement. The inmate bears the burden of establishing exhaustion of administrative remedies. Brown, 139 F.3d at 1104. Mr. Rivers has not satisfied that burden.

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

       IT IS SO ORDERED.

DATE: September 22, 2006

                        s/Christopher A. Boyko
                        CHRISTOPHER A. BOYKO
                        UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.